Marvin, J.
This is a case of the treasurer of Cuyahoga county against Benham and others in a proceeding brought to reverse the judgment of the court of common pleas.
A suit was begun by Benham and others against Shields, who was at that time treasurer of this county.
The petition sets up that he was • such a treasurer but in the title of the case did not designate him as treasurer.
The purpose of the action was to enjoin the holding of a steamboat, the “H. B. Tuttle,” by the treasurer, because of the fact that one Robinson, who owned an -individual one-sixteenth part of that steamboat, had failed to pay taxes that were levied upon his one-sixteenth part The taxes amounted to some thirty-two or thirty-three dollars.
The petition showed that the other fifteen-sixteenths of the vessel were owned by the plaintiffs in the action and taxes were paid by the owners of the fifteen-sixteenths, but the one-sixteenths owned by Robinson taxes had not been paid upon.
Thereupon the treasurer, by a keeper appointed by him, a deputy perhaps, took possession of the steamer, such being in port here — took possession under sec. 1095, Rev. Stat., which authorized a distraint for taxes. The defendant in this proceeding in error sought to enjoin him, and the court of common pleas said they were entitled so to restrain him, A demurrer was filed to the petition, and overruled. Error is claimed on that. Then the treasurer, or rather the successor of Shields as treasurer, R. S. Hubbard, who became treasurer, came into the case, filed an answer and cross-petition, and asked for pay for the amount of the taxes owing on the one-sixteenth part owned by Robinson. To that a demurrer was filed and sustained. It was said that there was error in that. On the final hearing the court allowed the injunction, and made such injunction perpetual.
This proceeding is brought, not in the name of any man, but by the treasurer of Cuyahoga county.
It was urged upon the hearing that the court would not consider the case for the reason that the treasurer was not the party in the case; no judgment was rendered against the treasurer of Cuyahoga county. And another matter urged upon the hearing here was that since this was a proceeding in error — a case that might be appealed — there could be no proceeding in error — the only way would be by appeal.
Now, since in the view we entertain about this case, defendant in error will not be prejudiced if we do go on and treat it as though we had jurisdiction and without saying what, if it became material to protect the rights of the defendants in error, wé might hold as to these propositions, we treat the case as though there were no question about the jurisdiction. As has been announced we will not elaborate opinions.
It was urged that the joint ownership in a vessel would subject the rights of interest in one of the owners to the same inconvenience as one partner would be subjected to inconvenience if his co-partner was in debt and the judgment entered against the party and the execution issued where they can levy upon the property of the partnership.
We adopt the views of the defendant in error in this record, and hold that the treasurer was not authorized to take possession of that vessel owned jointly by the several owners, and hold such vessel so that he could sell it under the statute authorizing distraint for taxes, as he undertook in this ease to do. And, entertaining^that view, we think the judgment of the court of common pleas was right, and it is affirmed.